

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:10CR185–HEH |
| ) | Civil No. 3:12CV903–HEH |
| JAAMAL ANTONIO COTMAN, ) | |
| ) | |
| Petitioner. ) | |

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Jaamal Antonio Cotman ("Mr. Cotman"), a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 54). Mr. Cotman primarily argues that his defense counsel was ineffective when he failed to request a jury instruction specifically alerting the jury to credibility problems inherent in paid-informant testimony. For the reasons set forth below, this claim lacks merit.

### I. PROCEDURAL HISTORY

On August 3, 2010, Mr. Cotman was charged with: interference with commerce by threats and violence (Count One); discharging a firearm in furtherance of a crime of violence (Count Two); and possession of a firearm by a convicted felon (Count Three). (Superseding Indictment 1–2, ECF No. 10.)

On September 30, 2010, Mr. Cotman pled guilty to Count Three. (ECF No. 16, at 1.) On October 5, 2010, a jury found Mr. Cotman guilty of Counts One and Two. (ECF No. 24.)

At trial, Officer Jason Holt testified that on December 15, 2009, he responded to a report of a shooting in the Hillside Court area of south Richmond. (Oct. 4, 2010 Tr. 5.) Upon arriving on the scene, Officer Holt was approached by the victim, Carl Phillips, who stated that he had been shot and robbed. (Oct. 4, 2010 Tr. 5.) Officer Holt called an ambulance. (Oct. 4, 2010 Tr. 9.)

Officer Nicholas Wallis testified that, shortly after the above call came in, he responded to a second call of an individual who had been shot. (Oct. 4, 2010 Tr. 14–15.) When Officer Wallis arrived at the scene of the source of the second call, he encountered Mr. Cotman. (Oct. 4, 2010 Tr. 16.) Mr. Cotman told Officer Wallis that he had been shot. (Oct. 4, 2010 Tr. 17.) Mr. Cotman told Officer Wallis that he had been approached by a man in a car, who, after asking for directions, shot him. (Oct. 4, 2010 Tr. 17–18.)

Thereafter, the police searched the residence where the shooting of Mr. Phillips occurred. (Oct. 4, 2010 Tr. 32.) The police recovered marijuana and firearms. (Oct. 4, 2010 Tr. 32.) After confronting Mr. Phillips with this information, Mr. Phillips admitted that Mr. Cotman and several other black males had come to Mr. Phillips's residence under the guise of purchasing marijuana, then attempted to rob him. (Oct. 4, 2010 Tr. 32–33.)

Mr. Phillips testified that in December of 2009, he sold marijuana. (Oct. 4, 2010 Tr. 87.) Mr. Phillips further acknowledged that he had been charged federally with possession with intent to distribute marijuana and possession of a firearm in furtherance of a drug trafficking crime. (Oct. 4, 2010 Tr. 87–88.) Mr. Cotman's counsel suggested that Phillips was testifying against Mr. Cotman in the hopes of having the Government

dismiss the marijuana charge. (Oct. 4, 2010 Tr. 106–07.) Phillips also admitted the police had put him up in a hotel room for one week. (Oct. 4, 2010 Tr. 108.)

Mr. Phillips testified that on December 15, 2009, he let two men into his home because he believed they were there to purchase marijuana. (Oct. 4, 2010 Tr. 89–90.) Mr. Cotman and another man followed the first two men into Mr. Phillips's home. (Oct. 4, 2010 Tr. 90.) Mr. Phillips asked Mr. Cotman and the man accompanying him to leave. (Oct. 4, 2010 Tr. 90–91.) Mr. Cotman left briefly, then reentered the home and drew a semiautomatic handgun. (Oct. 4, 2010 Tr. 91.) Mr. Cotman shot at Mr. Phillips twice, before Mr. Phillips in turn drew a handgun and returned fire. (Oct. 4, 2010 Tr. 94.) Mr. Cotman's shots struck Mr. Phillips in the neck and shoulder. (Oct. 4, 2010 Tr. 94–95.) Mr. Cotman's next shots struck Mr. Phillips in the stomach, twice. (Oct. 4, 2010 Tr. 96.) Mr. Phillips fled the home and called the police. (Oct. 4, 2010 Tr. 96.)

In addition to Mr. Phillips's testimony, the jury heard from one of Mr. Cotman's fellow inmates, Donald Chandler. Mr. Chandler acknowledged that he had pled guilty, in federal court, to possession of cocaine with intent to distribute. (Oct. 4, 2010 Tr. 134–35.) Mr. Chandler acknowledged that under his plea agreement he was obliged to cooperate with the Government. (Oct. 4, 2010 Tr. 135–36.) Mr. Chandler testified that while in prison, Mr. Cotman admitted that he attempted to rob Mr. Phillips, who was known in the community as "Weed Man." (Oct. 4, 2010 Tr. 139–40.)

On January 10, 2011, the Court sentenced Mr. Cotman to a total of 360 months imprisonment. (J. 2, ECF No. 30.) Mr. Cotman appealed. Mr. Cotman argued insufficient evidence existed to support his conviction for interference with commerce by

3

threats and violence. *United States v. Cotman*, 458 F. App'x 319, 319 (4th Cir. 2011). The United States Court of Appeals for the Fourth Circuit affirmed his convictions. *Id.* at 320.[1]

In his § 2255 Motion, Mr. Cotman contends that he was provided with ineffective assistance of counsel because his attorney failed to request a jury instruction specifically instructing the jury regarding the credibility of testimony by a prisoner-informant pursuant to *United States v. Luck*, 611 F.3d 183 (4th Cir. 2010). (Mem. Supp. § 2255 Mot. 3, ECF No. 55.)

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate ineffective assistance of counsel, a convicted defendant must first show that counsel's representation was deficient, and, second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, a convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

---

[1] In his Memorandum in Support of his § 2255 Motion, Mr. Cotman makes a passing comment that the "Government failed to show that the attempted robbery of the alleged victim in this case had an [e]ffect on interstate commerce." (Mem. Supp. § 2255 Mot. 8 (capitalization corrected).) Convicted defendants may not recast under the guise of collateral attack, a claim addressed and rejected on direct appeal. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Moreover, Mr. Cotman's claim lacks merit for the reason previously stated by the Court. (Oct. 5, 2010 Tr. 202–05)

A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, the Court need not determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

Mr. Cotman contends that no informant jury instruction was given when, in fact, the Court provided such an instruction to Mr. Cotman's jury. Specifically, the jury was given the following instruction related to the credibility of informant testimony:

> The testimony of an immunized witness - someone who has been told either that his crimes will go unpunished in return for testimony or that his testimony will not be used against him in return for that cooperation with the government - must be examined and weighed by the jury with greater care than the testimony of someone who is appearing in court without the need for such an agreement with the government. ... The testimony of an informant ... someone who provides evidence against someone else for money or to escape punishment for his own misdeeds or crimes or for other personal reasons or advantage - must be examined and weighed by the jury with greater care than the testimony of a witness who is not so motivated.
> The jury must determine whether the testimony of an ... informant has been affected by self-interest, or by the agreement he has with the government, or by his own interest in the outcome of this case, or by prejudice against the Defendant.

(Oct. 5, 2010 Tr. 220-21.)

Mr. Cotman relies heavily on the United States Court of Appeals for the Fourth Circuit's decision in *United States v. Luck*, 611 F.3d 183 (4th Cir. 2010). In that case, the court found defense counsel's assistance ineffective because of the total failure to request an informant instruction when there was "little corroborating evidence beyond the informants' testimony" and "no indication that failing to request the instruction had any root in trial strategy." *Id.* at 188. Because an informant instruction was provided in Mr.

5

Cotman's case, he can only be heard to complain that he was prejudiced by counsel's failure to demand an instruction similar to that provided in *Luck*.

The instruction in *Luck* stated:

> The testimony of an informer who provides evidence against a defendant for pay, or for immunity from punishment, or for personal advantage or vindication, must be examined and weighed by the jury with greater care than the testimony of an ordinary witness. The jury must determine whether the informer's testimony has been affected by interest or by prejudice against a defendant.

*Id.* at 186–87. The instruction provided in Mr. Cotman's case not only mirrors much of the language in the instruction in *Luck*, but also expands upon it. The *Luck* instruction offers two primary admonitions: (1) to critically evaluate the testimony of paid informants; and (2) to determine whether the testimony is tainted by interest or prejudice against the defendant. *Id.* The instruction in Mr. Cotman's case cautions the jury with respect to both of these issues and devotes two paragraphs to explaining the kinds of motivations and circumstances that may taint informant credibility. Defense counsel would have been hard-pressed to obtain a more favorable informant instruction. Accordingly, Mr. Cotman fails to demonstrate that counsel acted deficiently in accepting the informant instruction provided. Moreover, Mr. Cotman fails to demonstrate any reasonable probability of a different result had counsel sought a different informant instruction. Mr. Cotman's claim will be dismissed.

## III. CONCLUSION

Mr. Cotman's § 2255 Motion (ECF No. 54) will be denied. Mr. Cotman's Motion for Default Judgment (ECF No. 58) will be denied. The action will be dismissed, and the Court will deny a certificate of appealability.

An appropriate Order will accompany this Memorandum Opinion.

                                                           /s/
                                        Henry E. Hudson
                                        United States District Judge

Date: Sept 17, 2015
Richmond, Virginia